Nott, J.
I think that a Judge ought to be allowed to exercise a very liberal discretion in moulding the'proceedings of Court into such shape as is best calculated to promote tbe ends of juctiee ; but nothing is better calculated to attain that object than an adherence to the settled forms of law, and the regular order of pleading; and to suffer a person, after a cause has been three years at issue, to withdraw a plea to the merits, and put in a dela-tory plea, is calculated only to effect delay, and is unau-' thorized by any law or practice of our Courts. The ground taken by the Judge below, that “ the defendants had only lately discovered that the executors had not proved the will, and qualified in this State,” cannot be supposed to exist; for when an executor files his declara* *345 tion, he is required to make a proferí of his letters testamentary, and if he fail to do so, it is a good cause of special demurrer. If he makes a profert in his declaration, and the defendant pleads to the action, he admits the plaintiff to be properly in Court. The letters are then taken out of Court, and the defendant cannot call for them again. The defendant, therefore, always has it in his power, without going out of Court, to ascertain whether the plaintiff is actually clothed with the character which he assumes or not. And the plaintiff is never required to prove what the defendant by his pleading admits. The defendant cannot be permitted to say that he has only lately discovered what he might have ascertained by merely looking into the declaration before he put in his plea. The decision of the Judge below, must, therefore, be reversed, and the case must be sent down again to be tried upon its merits. It is satisfactory, nevertheless, to have evidence before us that the plaintiff is really entitled to maintain his action, and that the defendant does not suffer by his own neglect. The motion is granted. Order set aside.